**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ROBERT FLETCHER,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and BRIDGECREST CREDIT COMPANY, LLC,<br><br>Defendants, | **Civil Action No:_____________**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES Plaintiff ROBERT FLETCHER ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant EXPERIAN INFORMATION SERVICES, INC. ("Experian") and Defendant BRIDGECREST CREDIT COMPANY, LLC ("Bridgecrest"), collectively referred to as "Defendants", and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

3. Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because a substantial part of the events or omissions giving rise to the claim

occurred here.

4. Joinder in this district is proper as to all Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

## PARTIES AND SERVICE

### Plaintiff Robert Fletcher

5. Plaintiff is a resident of Harris County, Texas, which is located in this district.

6. At all times material hereto, Plaintiff is a "Consumer", as defined by 15 U.S.C. § 1681a(c).

### Defendant Experian Information Solutions, Inc.

7. Defendant Experian is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

8. At all times material hereto, Defendant Experian is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

9. At all times material hereto, Defendant Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

### Defendant Bridgecrest Credit Company, LLC

10. Defendant Bridgecrest is a "Person" as defined by 15 U.S.C. § 1681a(b) and conducts

substantial and regular business activities in this judicial district. Bridgecrest may be served with process upon CSC-LAWYERS INCORPORATING SERVICE COMPANY, its registered agent for service of process, at 211 E 7th Street, Suite 620, Austin, Texas 78701.

11. At all times material hereto, Defendant Bridgecrest routinely furnished information concerning consumers and their credit history to Consumer Reporting Agencies for the purpose of publishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d).

## FACTUAL ALLEGATIONS

### Background

12. In May 2023, Plaintiff viewed his Experian consumer report and discovered an unauthorized account not opened by Plaintiff furnished by Defendant Bridgecrest (the "BC Account") published to Plaintiff's Experian consumer report with a $3,711.00 balance, "repossessed" status, and delinquent payment history.

13. Shortly after, Plaintiff called Defendant Bridgecrest to dispute the delinquent Account.

14. In response to Plaintiff's dispute, Defendant Bridgecrest sent Plaintiff a copy of the contract creating the Account (the "Contract") allegedly signed by Plaintiff.

15. Defendant Bridgecrest sent Plaintiff a Contract for a 2017 Ford Focus vehicle purchased in 2019 by someone else other than Plaintiff. The signature on the Contract did not match that of Plaintiff's.

### Defendant Bridgecrest's violation of 1681s-2(b)

16. In May 2023, Plaintiff obtained a copy of his Experian consumer report and discovered that Defendant Bridgecrest falsely or erroneously furnished the BC Account as belonging to and authorized by Plaintiff.

17. The BC Account had a $3,711.00 balance, "repossessed" status, and delinquent payment

history which severely affected Plaintiff's creditworthiness and reputation.

**First Dispute**

18. In May 2023, Plaintiff submitted a dispute with Defendant Experian, providing documents which included a dispute letter detailing the inaccuracy, a Federal Trade Commission identity theft report ("FTC report"), a driver's license copy, evidence of his social security number, and proof of address.

19. It is averred that Defendant Experian forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant Bridgecrest.

20. Despite Defendant Bridgecrest receiving the dispute, ACDVs, and accompanying documents, Defendant Bridgecrest conducted a superficial investigation and reported back to the Defendant Experian that the information pertaining to the BC Account was "accurate" and should remain unchanged on Plaintiff's consumer report.

**Second Dispute**

21. In July 2023, Plaintiff submitted a dispute with Defendant Experian, providing documents which included a dispute letter detailing the inaccuracy, an FTC report, a police report, a driver's license copy, evidence of his social security number, and proof of address.

22. It is averred that Defendant Experian forwarded the dispute and an ACDV to Defendant Bridgecrest.

23. Despite Defendant Bridgecrest receiving the dispute, ACDVs, and accompanying documents, Defendant Bridgecrest conducted a superficial investigation and reported back to the Defendant Experian that the information pertaining to the BC Account was "accurate" and should remain unchanged on Plaintiff's consumer report.

**Third Dispute**

24. In August 2023, Plaintiff submitted a dispute with Defendant Experian, providing documents which included a dispute letter detailing the inaccuracy, an FTC report, a police report, a driver's license copy, evidence of his social security number, and proof of address.

25. It is averred that Defendant Experian forwarded the dispute and an ACDV to Defendant Bridgecrest.

26. Despite Defendant Bridgecrest receiving the dispute, ACDVs, and accompanying documents, Defendant Bridgecrest conducted a superficial investigation and reported back to the Defendant Experian that the information pertaining to the BC Account was "accurate" and should remain unchanged on Plaintiff's consumer report.

27. Defendant Bridgecrest did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs.

28. Defendant Bridgecrest negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

29. Defendant Bridgecrest did not correct or delete the inaccurate information relating to the BC Account but continued to report false and erroneous information concerning the BC Account's ownership.

30. As a result of the inaccurate information remaining on Plaintiff's consumer reports relating to the BC Account, Plaintiff was denied credit opportunities and will continue to be harmed and injured by Defendant Bridgecrest's erroneous and inaccurate reporting for up to 7 years.

31. Due to Defendant Bridgecrest's willful or negligent failure to conduct a reasonable

investigation the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

32. For these reasons, Defendant Bridgecrest willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s-2(b).

**Defendant Experian's violation of 1681i**

33. In May 2023, Plaintiff obtained a copy of his consumer report published by Defendant Experian and discovered that the BC Account was falsely or erroneously published as belonging to and authorized by Plaintiff.

34. Defendant Experian published that the BC Accoung had a $3,711.00 balance, "repossessed" status, and delinquent payment history which severely affected Plaintiff's creditworthiness and reputation.

**First Dispute**

35. In May 2023, Plaintiff disputed the BC Account with Defendant Experian, detailing the inaccuracies and attaching supporting documents which included a dispute letter identifying the inaccuracies, an FTC report, a driver's license copy, evidence of his social security number, and proof of address.

36. Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Bridgecrest or review the supplied documentation provided by Plaintiff.

37. Instead, Defendant Experian relied solely on an automated system that verified the existence of the BC Account without checking the validity of Plaintiff's dispute.

38. It is averred that Defendant Experian did nothing more than parrot information from

Defendant Bridgecrest.

39. In May 2023, Defendant Experian sent Plaintiff a cursory response stating that the BC Account's publication to Plaintiff's Experian consumer report was "accurate" and would remain unchanged on Plaintiff's report.

40. Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

**Second Dispute**

41. In July 2023, Plaintiff disputed the BC Account with Defendant Experian, detailing the inaccuracies and attaching supporting documents which included a dispute letter identifying the inaccuracies, an FTC report, a police report, a driver's license copy, evidence of his social security number, and proof of address.

42. Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Bridgecrest or review the supplied documentation provided by Plaintiff.

43. Instead, Defendant Experian relied solely on an automated system that verified the existence of the BC Account without checking the validity of Plaintiff's dispute.

44. It is averred that Defendant Experian did nothing more than parrot information from Defendant Bridgecrest.

45. In July 2023, Defendant Experian sent Plaintiff a cursory response stating that the BC Account's publication to Plaintiff's Experian consumer report was "accurate" and would remain unchanged on Plaintiff's report.

**Third Dispute**

46. In August 2023, Plaintiff disputed the BC Account with Defendant Experian, detailing the inaccuracies and attaching supporting documents which included a dispute letter identifying

the inaccuracies, an FTC report, a police report, a driver's license copy, evidence of his social security number, and proof of address.

47. Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Bridgecrest or review the supplied documentation provided by Plaintiff.

48. Instead, Defendant Experian relied solely on an automated system that verified the existence of the BC Account without checking the validity of Plaintiff's dispute.

49. It is averred that Defendant Experian did nothing more than parrot information from Defendant Bridgecrest.

50. In August 2023, Defendant Experian sent Plaintiff a cursory response stating that the BC Account's publication to Plaintiff's Experian consumer report was "accurate" and would remain unchanged on Plaintiff's report.

51. Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

52. Plaintiff was subsequently denied credit opportunities citing poor credit as reason for the denial.

53. To this date, Defendant Experian continues to publish false and erroneous information to Plaintiff's Experian report alleging that the BC Account belongs to and was authorized by Plaintiff.

54. Defendant Experian failed to promptly block, delete, or correct the inaccurate information relating to the BC Account.

55. The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

56. Due to Defendant Experian's negligent or willful failure to conduct a reasonable

reinvestigation, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

57. Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Experian's violation of 1681e(b)**

58. Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining the BC Account.

59. Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving dispute(s) from the Plaintiff relating to his consumer report and the BC Account.

60. Defendant Experian failed to take adequate steps to verify information before Experian included it in the Plaintiff's consumer reports and later published the report to users.

61. The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

62. Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

63. Defendant Experian willfully or negligently failed to comply with its obligations under

15 U.S.C. § 1681e(b).

**FIRST CAUSE OF ACTION**
**Negligent Violation of the Fair Credit Reporting Act as to Defendant Bridgecrest**
**15 U.S.C. § 1681s-2(b)**

64. Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for negligent violation of the FCRA 15 U.S.C. § *et seq*.

66. Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

67. Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

68. The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

69. Defendant Bridgecrest negligently violated 15 U.S.C. § 1681s-2(b) by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendants Transunion and Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

70. Specifically, Defendant Bridgecrest continued to erroneously furnish the BC Account with a $3,711.00 balance, "repossessed" status, and delinquent payment history to Plaintiff's Experian

consumer report as authorized by and belonging to Plaintiff.

71. As a result of the conduct, action, and inaction of Defendant Bridgecrest, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

72. The conduct, action, and inaction of Defendant Bridgecrest was negligent, rendering Bridgecrest liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

73. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Bridgecrest in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

## SECOND CAUSE OF ACTION
**Willful Violation of the Fair Credit Reporting Act as to Defendant Bridgecrest**
**15 U.S.C. § 1681s-2(b)**

74. Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

75. This is an action for willful violation of the FCRA 15 U.S.C. § *et seq*.

76. Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

77. Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

78. The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or

inaccurate, the furnisher must report the results to other agencies which were supplied such information.

79. Defendant Bridgecrest willfully violated 15 U.S.C. § 1681s-2(b) by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendants Transunion and Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

80. Specifically, Defendant Bridgecrest continued to erroneously furnish the BC Account with a $3,711.00 balance, "repossessed" status, and delinquent payment history to Plaintiff's Experian consumer report as authorized by and belonging to Plaintiff.

81. As a result of the conduct, action, and inaction of Defendant Bridgecrest, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

82. The conduct, action, and inaction of Defendant Bridgecrest was willful, rendering Bridgecrest liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

83. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Bridgecrest in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Experian

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85. This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

86. Experian negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

87. Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

88. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

89. The conduct, action and inaction of Experian was negligent, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

90. Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

91. **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against Experian, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

**FOURTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Experian**

92. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

93. This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

94. Experian willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

95. Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible

accuracy of the information reported;

b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

96. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

97. The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

98. Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

99. **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against Experian for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**FIFTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Experian**

100. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

101. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

102. Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

103. Defendant Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA includes but is not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

104. As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

105. The conduct, action and inaction of Defendant Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

106. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## SIXTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Experian

107. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

108. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

109. Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

110. Defendant Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the

consumer.

111. As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

112. The conduct, action and inaction of Defendant Experian was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

113. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## DEMAND FOR TRIAL BY JURY

114. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement against each Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant;
2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant;
3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant;
4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and
5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** January 31, 2024

Respectfully submitted

**JAFFER & ASSOCIATES PLLC**

/s/ *Shawn Jaffer*
**Shawn Jaffer**
State Bar No. 24107817
5757 Alpha Rd., Ste 580
Dallas, Texas 75240
Tel: (469) 589-5605
Fax: (469) 669-0786
Email: sdtx@jaffer.law
***Attorneys for Plaintiff***