United States District Court
Southern District of Texas
**ENTERED**
February 12, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT FLETCHER, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-370 |
| EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*, | § | |
| Defendants. | § | |

**AMENDED MEMORANDUM AND OPINION**

This case is unusual. It should not have been. It was pleaded as a routine case under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Robert Fletcher sued Experian Information Solutions, Inc., and Bridgecrest Credit Company, LLC, claiming that that he was the victim of identity theft. Fletcher's counsel was Shawn Jaffer, Managing Attorney of the law firm of Shawn Jaffer & Associates PLLC.

Mr. Jaffer sued Experian on Mr. Fletcher's behalf, even though the applicable statute of limitations had run when the suit was filed. Mr. Jaffer sued Bridgecrest based on false allegations by Mr. Fletcher of identity theft. (Docket Entry No. 1). Bridgecrest investigated Mr. Fletcher's claims and found proof that his claims were false. (Docket Entry No. 18). Bridgecrest told Mr. Jaffer this, but Mr. Jaffer refused to dismiss the lawsuit, leading Bridgecrest to serve a motion under Rule 11 of the Federal Rules of Civil Procedure. (*Id.*). The safe harbor period for Mr. Jaffer to withdraw the claims asserted on behalf of Mr. Fletcher expired on March 10, 2024. (Docket

Entry No. 19). Mr. Jaffer did not do so, but instead continued to seek withdrawal after the expiration of the safe harbor period.

In a hearing on May 17, 2024, this court denied Mr. Jaffer's motion to withdraw as counsel and granted Bridgecrest's motion for sanctions under Rule 11. (Docket Entry No. 21). At the hearing, the court asked Mr. Jaffer's associate, Mr. Jones, if he disagreed with the assertions that Mr. Fletcher's pleading allegations were false. (Docket Entry No. 29 at 4:17-20). Mr. Jones stated that he did not disagree. (*Id.*).

Mr. Jones's acknowledgement of the falsity of Mr. Fletcher's allegations as to identity theft was in addition to the fact that Mr. Jaffer filed claims barred by limitations. The court ordered the complaint stricken. (Docket Entry No. 21). The court also agreed with Bridgecrest's argument that "[a]llowing Plaintiff's Counsel to withdraw [his appearance and not the offensive pleading] would not cure the prejudice caused by the offensive pleading and would instead leave Bridgecrest with no recourse for the violation of Rule 11." (Docket Entry No. 19 at ¶ 1; Docket Entry No. 29 at 4:2-4). The court denied Mr. Jaffer's motion to withdraw. (Docket Entry No. 29 at 16-17).

Experian learned of the false claims through Bridgecrest after the end of the safe harbor period and did not join Bridgecrest in serving the Rule 11 motion as a result. (Docket Entry No. 33 at 6-7). Experian still seeks fees on the grounds that Mr. Jaffer failed to comply with local rules and that his actions prejudiced Experian. (*Id.*).

Mr. Jaffer's law firm, Shawn Jaffer & Associates, markets itself as expert in Fair Credit Reporting Act cases. Its website makes this clear:

> We are the Largest Consumer Protection Law Firm in the South, headquartered in Dallas, Texas. We serve clients Nationwide on Credit Report Errors and Background Checks Report Errors cases. Our team is driven by a genuine passion for assisting individuals facing challenges with their credit reports and background checks.

Shawn Jaffer & Associates describes its mission statement as follows:

> Our mission is to protect and empower consumers nationwide, championing their rights in cases of credit reporting errors and background checks, while securing compensation against corporate giants. We are dedicated to delivering justice, one client at a time.

Unfortunately, in this case, Mr. Jaffer betrayed his firm's own mission statement. The defendants' investigation made apparent that Mr. Jaffer had not done even a minimal investigation of Fletcher's claims before filing a suit seeking damages that were barred by law, or based on false factual allegations. The suit was both frivolous and unreasonable. Mr. Jaffer followed the breach of his duty to verify the veracity of his client's allegations with a further breach of his duty of candor to the court by moving to withdraw as counsel without informing the court that the case was frivolous and should be dismissed. His motion to withdraw cited a "breakdown of communication" with his client. (Docket Entry No. 17). In short, he tried to remove himself from the problems he created by filing a baseless suit while leaving the defendants and the court with the problems. The defendants have sought the legal fees they incurred in achieving the dismissal of the claims against them. Bridgecrest makes its request for fees under Rule 11. (Docket Entry No. 32). Experian brings its motion under 28 U.S.C § 1927 and the court's inherent power to sanction an attorney who "unreasonably and vexatiously multiplies the proceedings" in a case, by requiring that attorney to pay "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. (Docket Entry Nos. 32, 33).

Bridgecrest has met its burden to show that Mr. Jaffer violated Rule 11. Similarly, Experian has met its burden to show that Mr. Jaffer "unreasonably and vexatiously" filed and pursued an unwarranted claim that justifies sanctions. The question is what fee amounts are appropriate to award to Bridgecrest and Experian.

Bridgecrest seeks $33,399 in fees for investigating and defending against the fabricated claims. (Docket Entry No. 32). Bridgecrest's request is supported by descriptions of the lawyers

and legal assistants who did the work, their experience levels, the work performed, the hours expended, and the hourly fees, which are reasonable for the nature of the work performed. The lodestar amount corresponding to Bridgecrest's counsel's work is $43,398.00. (Docket Entry No. 32 ¶ 18). The amount that Bridgecrest seeks is approximately 25% less than the lodestar amount. And while Bridgecrest asserts that its attorneys and paralegals expended 90.3 hours of billable time in defending this lawsuit, Bridgecrest seeks fees for only 66.9 of those hours. (*Id.*). However, the remaining sum is still disproportionately high for the relatively simple type of legal work and factual investigation required to reveal the falsity of Mr. Fletcher's claims and bring them to the court's attention.

"When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Carroll v. The Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997). Experian seeks $52,236.75 in fees. (Docket Entry No. 33). But "where the violation consists of unreasonably or vexatiously multiplying the litigation, the sanction should reflect *only* the costs or fees incurred in responding to those proceedings that are found to be unreasonable or vexatious." *Topalian v. Ehrman*, 3 F.3d 931, 937 (5th Cir. 1993) (emphasis added) (citing 28 U.S.C. § 1927). Bridgecrest seeks $52,236.75, which is the lodestar amount for its counsel's 90.7 hours of work. (Docket Entry No. 33 at 19). Like Bridgecrest, counsel for Experian has already exercised billing judgment and eliminated from its request hours that could be excessive, redundant, or otherwise unnecessary. (*Id.* at 20). Nonetheless, the amount that Experian seeks is still $20,000 more than the amount that Bridgecrest seeks, even though Experian was not the main driver in uncovering the falsity of the claims and did not lead the motion practice for sanctions. And Experian highly redacted the billing invoices that it submitted along with its motion, making it difficult to

understand how much time its counsel spent on the work needed to uncover and bring to the court's attention the falsity of Mr. Fletcher's claims, as opposed to the work that would have been required simply to respond to the suit. (Docket Entry No. 33-3 at 13-14).

Based on the invoices submitted by the parties, the record, and the relevant authorities under which each of the defendants seeks its fees, the court finds that the appropriate approach is as follows: awarding Bridgecrest 60% of the fee award that it seeks, which is $20,038.40, and awarding Experian 25% of the fee award that it seeks, which is $13,059.18.

The court reiterates that it is dismayed over Mr. Jaffer's conduct. The difference between the type of work Mr. Jaffer and his firm promises both his clients and the courts he appears before, and the work that he actually delivered in this case, is stark. Mr. Jaffer's own mission statement promises "to deliver justice." The lawsuit he filed was based on a lie that Mr. Jaffer apparently failed to detect and, when the lie was revealed, failed to appropriately and promptly address.

Section 1927 permits fee awards only against attorneys. *See Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). The court orders that Mr. Jaffer and Shawn Jaffer & Associates are jointly and severally liable for the entirety of the fee award of $13,059.18 to Experian. Rule 11, however, permits sanctions, including fee awards, against both a party and its counsel. *See* FED. R. CIV. P. 11(c) ("If … the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."). The court finds that Mr. Fletcher, Mr. Jaffer, and Shawn Jaffer & Associates are jointly and severally liable for the fee award of $20,038.40 owing to Bridgecrest.

The motions to award fees to Bridgecrest and Experian are granted. (Docket Entry Nos. 32, 33). Mr. Fletcher, Mr. Jaffer, and Shawn Jaffer & Associates are jointly and severally liable to pay Bridgecrest. Mr. Jaffer and Shawn Jaffer & Associates are jointly and severally liable to

pay Experian. Payment is to be made in the amount of 20,038.40 to Bridgecrest and $13,059.18 to Experian by the responsible parties by March 15, 2025.

SIGNED on February 12, 2025, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge