United States Courts
Southern District of Texas
FILED
*January 27, 2026*
Nathan Ochsner, Clerk of Court

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 6, 2026
Lyle W. Cayce
Clerk

No. 25-20086

ROBERT FLETCHER,

*Plaintiff—Appellant*,

*versus*

EXPERIAN INFORMATION SOLUTIONS, INCORPORATED; BRIDGECREST CREDIT COMPANY, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-370

Before ELROD, *Chief Judge*, and SMITH and WILSON, *Circuit Judges*.

PER CURIAM:*

In this Fair Credit Reporting Act case, plaintiff Robert Fletcher alleged that he was the victim of identity theft and never opened an automobile finance account that became delinquent and was reported to a credit bureau. Fletcher sued the loan's holder and servicer, Bridgecrest, and a credit bureau that reported the loan, Experian. Determining that the claims

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

were baseless, the district court awarded attorneys' fees to Bridgecrest under Rule 11 and to Experian under 28 U.S.C. § 1927. We VACATE and REMAND the sanctions order.[1]

## I

Robert Fletcher—represented by Jaffer & Associates, PLLC—filed a complaint against Experian and Bridgecrest under the Fair Credit Reporting Act. This complaint was signed solely by Shawn Jaffer. Fletcher alleged that he obtained a copy of his Experian credit report and "discovered" that Bridgecrest had falsely reported an auto loan as belonging to him. According to the complaint, Fletcher disputed his Bridgecrest account on three occasions, but Bridgecrest confirmed the account as accurate. Fletcher alleged that Experian should have blocked, deleted, or corrected the Bridgecrest account because it did not belong to, and was not authorized by, Fletcher. According to Fletcher, this was the result of someone stealing his identity and purchasing a car in his name in 2019.

Two months after Fletcher filed this lawsuit, Bridgecrest wrote a letter to Jaffer noting that Bridgecrest's investigation revealed that Fletcher was the one who purchased the vehicle and signed the loan documents. The letter noted, among other things, that: (1) Fletcher used the exact same photo ID to purchase the vehicle as he used in four separate credit-reporting disputes after the vehicle purchase; (2) Fletcher provided his e-mail address in the credit application and created a Bridgecrest account with this e-mail; and (3) Fletcher provided the car dealership with his own personal phone number, booked his appointment from this number, and communicated with Bridgecrest from this number.

[1] Because we vacate the sanctions awards, we need not reach Fletcher's arguments regarding calculation of attorneys' fees.

One month later, Bridgecrest served a copy of its Rule 11 motion on Jaffer, essentially repeating these same claims but this time with documentary support. Under Rule 11(c)(2), Jaffer had 21 days to withdraw or correct the complaint.

During this safe-harbor period, Jaffer coordinated the court-ordered Rule 26(f) conference and filed a case management plan. On the last day of the safe-harbor period, Jaffer filed a one-page motion to withdraw as counsel. According to the motion, Jaffer had been unable to communicate with Fletcher for 18 days.

Bridgecrest then filed its Rule 11 motion. The same day, Bridgecrest opposed Jaffer's motion to withdraw because withdrawal "would not cure the prejudice caused by the offensive pleading and would instead leave Bridgecrest with no recourse for the violation of Rule 11, because Rule 11 does not apply to Plaintiff, who did not sign the Complaint."[2]

Four days later and before Fletcher had filed a response to the Rule 11 motion, the district court conducted the initial case management conference. A different attorney at the Jaffer law firm, Jones, appeared for the conference. Jones noted that the Rule 11 evidence "came to light after we had already filed the complaint," so Jaffer did not have that information "prior to the filing." Jones further noted that he was unable to "withdraw the pleading without [his] client's knowledge and consent." The court then asked a single question: "Do you have any basis for disagreeing with the assertions that the allegations in the pleading are false?" After Mr. Jones answered in the negative, the district court granted the Rule 11 motion for sanctions, ordered

[2] As explained below, this was an erroneous assertion of law—Rule 11 does allow sanctions against clients in some circumstances.

the complaint stricken, and requested Experian and Bridgecrest to file motions for attorneys' fees.

A few weeks later, Experian moved for sanctions under 28 U.S.C. § 1927 or the court's inherent power.[3] Experian asserted that it was entitled to attorneys' fees because "Plaintiff's counsel acted in bad faith by knowingly or recklessly filing a frivolous lawsuit and attempting to withdraw as counsel rather than withdraw the Complaint."

After Fletcher responded to Experian's motion and all parties briefed the amount of reasonable fees, the district court entered a five-page written opinion granting sanctions. The district court explained that Jaffer filed a lawsuit based on false allegations of identity theft. The district court noted that counsel did not dispute the falsity of the claims at the Rule 16 conference but, rather than correct the offensive pleading, sought to withdraw their appearances. The district court further noted:

> The defendants' investigation made apparent that Mr. Jaffer had not done even a minimal investigation of Fletcher's claims before filing a suit seeking damages that were barred by law, or based on false factual allegations. The suit was both frivolous and unreasonable. Mr. Jaffer followed the breach of his duty to verify the veracity of his client's allegations with a further breach of his duty of candor to the court by moving to withdraw as counsel without informing the court that the case was frivolous and should be dismissed. His motion to withdraw cited a "breakdown of communication" with his client. (Docket Entry No. 17). In short, he tried to remove himself from the

[3] Experian had not joined in Bridgecrest's Rule 11 motion. Because the district court struck the complaint before Experian had filed a motion under Rule 11, Experian would not have been able to comply with the 21-day safe-harbor provision of Rule 11. *See* Fed. R. Civ. P. 11(c)(2) (noting that a Rule 11 motion may not be filed if the challenged paper "is withdrawn or appropriately corrected within 21 days after service or within another time the court sets").

problems he created by filing a baseless suit while leaving the defendants and the court with the problems.

The district court stated that Bridgecrest met its burden to show a Rule 11 violation and that Experian met its burden to show that Jaffer "'unreasonably and vexatiously' filed and pursued an unwarranted claim that justifies sanctions." Given the early stage of the case and simplicity of the legal work involved, the court granted Bridgecrest 60% of the fees it requested ($20,038.40) and granted Experian 25% of the fees it requested ($13,059.18). The court ordered Fletcher, Jaffer, and the law firm jointly and severally liable to pay the Rule 11 sanctions. It ordered Jaffer and the law firm jointly and severally liable to pay the § 1927 sanctions, which are only available against lawyers—not clients.

## II

Fletcher argues that the district court imposed Rule 11 sanctions without providing adequate notice and a meaningful opportunity to be heard. We agree.[4]

This court reviews "all aspects of a district court's award of Rule 11 sanctions for an abuse of discretion." *Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996). A district court abuses its discretion if it

---

[4] Fletcher did not list Jaffer as an appealing party in his notice of appeal, as Federal Rule of Appellate Procedure 3(c)(1)(A) requires. We nevertheless hold that we have jurisdiction over the appeal of the sanctions award against Jaffer and the law firm because the notice of appeal states that "Plaintiff appeals the Court's . . . Opinion Granting [Defendants'] Motion for attorneys' fees and costs against the Plaintiff *and his counsel.*" And it mentions that "Plaintiff Robert Fletcher, Plaintiff's counsel Shawn Jaffer, and Shawn Jaffer & Associates, have fully satisfied" the sanctions order. The entirety of the amount was paid by the law firm. These references are "sufficiently clear" to show Jaffer's "intent to appeal the sanction order and thus to confer jurisdiction." *Garcia v. Wash*, 20 F.3d 608, 610 (5th Cir. 1994); *cf. Batiste v. Lewis*, 976 F.3d 493, 509 (5th Cir. 2020) (no jurisdiction over appeal of sanctions award by counsel where notice of appeal does not "mention [the attorney] in the caption or body").

awards sanctions based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999).

A

Consistent with due process requirements, Rule 11 allows sanctions to be imposed only "*after* notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1) (emphasis added). "The accused must be given an opportunity to respond, orally or in writing as may be appropriate, to the invocation of Rule 11 and to justify his or her actions." *Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1202 (5th Cir. 1989). "Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken—when the signature is placed on the document." *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (*en banc*). It does not impose a "continuing obligation" to reevaluate the viability of a pleading after it is filed. *Id.*

Here, the district court asked if Jaffer had "any basis for disagreeing with the assertions that the allegations in the pleading are false." But the proper inquiry does not end with whether the pleadings are false. Sanctions are available against counsel only if counsel did not have a reasonable belief that the allegations were true after reasonable investigation. *See* Fed. R. Civ. P. 11(b)(3). The district court did not give Jaffer an adequate opportunity to explain the reasonableness of his investigation before imposing sanctions, and Jaffer's due-process rights were therefore violated.

Bridgecrest argues that the district court did not deprive Jaffer of due process because it allowed Jaffer to file three responses after the status conference but before issuing its written opinion imposing sanctions. This argument is not persuasive. In *CEATS, Inc. v. TicketNetwork, Inc.*, this court noted that a "post-deprivation opportunity to respond . . . is no substitute for

the pre-deprivation notice and hearing that due process" requires.[5] 71 F.4th 314, 324 (5th Cir. 2023). There, the district court allowed the sanctioned parties to file objections to the sanctions order after the court imposed sanctions but before the court calculated sanctions. *Id.* at 321. Similarly, the district court here allowed Jaffer to brief the sanctions issue after the court had already granted the Rule 11 motion but before it calculated fees. This is insufficient to satisfy due process. *See id.* at 324.

For those reasons, we vacate the award of Rule 11 sanctions against Jaffer. On remand, the district court should allow Jaffer the opportunity to introduce evidence regarding his pre-suit investigation. The written order granting the sanctions motion states that "[t]he defendants' investigation made apparent that Jaffer had not done even a minimal investigation of Fletcher's claims before filing a suit . . . based on false factual allegations." But there is no inference to be drawn from the record that a reasonable pre-suit investigation would have uncovered the evidence that Bridgecrest marshaled in its Rule 11 motion. For example, if Fletcher had the loan documents but refused to mention them or otherwise concealed them, counsel may not have uncovered their existence pre-suit. Indeed, Bridgecest cites no case in which a court found an investigation inadequate without determining the facts as to how the investigation was conducted.[6]

---

[5] The text of Rule 11 also requires a right to respond *before* sanctions are granted. *See* FED. R. CIV. P. 11(c)(1) ("If, *after* notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . .).

[6] *See, e.g.*, *Childs v. State Farm*, 29 F.3d 1018, 1025 (5th Cir. 1994) (summarizing details of investigation from trial court record); *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 569 (5th Cir. 2006) (noting that the district court "vigorously question[ed]" trial counsel as to the facts he uncovered in his investigation before filing the complaint).

### B

That leaves the Rule 11 sanctions award against Fletcher himself. We hold that Fletcher did not have adequate notice that sanctions were contemplated against him personally.

Bridgecrest's Rule 11 motion sought sanctions only against counsel for an inadequate investigation. Rule 11 sanctions are available against clients when the client is "responsible for the violation." Fed. R. Civ. P. 11(c)(1); *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006) (noting that Rule 11 sanctions are available against clients for "factually groundless allegations in their Complaint" (emphasis omitted)). But Bridgecrest did not seek sanctions against Fletcher *himself* on that basis.

Fletcher thus lacked notice that Bridgecrest sought sanctions against him. The notice requirement is particularly important in cases "in which the sanctions have been imposed on the client[]." *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1292 (5th Cir. 1991). *CEATS* is again instructive. There, the defendant alleged that the plaintiff's employees and litigation consultants had violated provisions of the district court's protective order. 71 F.4th at 321. The defendant filed a motion "for an Order to Show Cause why CEATS or Others Should Not Be Sanctioned." *Id.* at 320. We held the employees and litigation consultants did not have proper notice that the district court was contemplating sanctions against them personally. *Id.* at 323. The vague request for sanctions against "CEATS or Others" did not suffice. *Id.*

Here, Bridgecrest's motion did not even hint that the Rule 11 sanctions might be imposed against "others." At the status conference, the district court noted that it was granting the Rule 11 sanctions motion but did not mention any sanction against Fletcher personally. Bridgecrest's motion for attorneys' fees again sought sanctions to be paid only by Fletcher's

counsel. But in its order granting attorneys' fees, the district court ordered both Fletcher and Jaffer, jointly and severally, to pay the Rule 11 sanctions.

We thus vacate the award of Rule 11 sanctions against Fletcher personally. If the district court chooses to reimpose sanctions on Fletcher, it must first assure that Fletcher has adequate notice and an opportunity to respond.

## III

Fletcher argues that the district court erred when it awarded attorneys' fees to Experian under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[7] We agree and hold that Jaffer did not "multiply proceedings" within the meaning of 28 U.S.C. § 1927.

A plaintiff has not "multiplied proceedings" within the meaning of § 1927 solely by virtue of failure to conduct a reasonable investigation before filing. *See, e.g.*, *Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 297 (3d Cir. 1996) (reversing § 1927 sanctions imposed "not because of any multiplicity of the proceedings or delaying tactics, but for failure to make a reasonably adequate inquiry into the facts and law before filing the lawsuit"). Multiplying proceedings requires the "persistent prosecution of a meritless claim." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002) (quoting *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991)). "The courts

---

[7] This court has held that 28 U.S.C. § 1927 does not allow a district court to award attorneys' fees against law firms. *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 208 (5th Cir. 2023). Here, the district court ordered Mr. Jaffer and his firm jointly and severally liable for the § 1927 sanctions. Jaffer did not raise this issue on appeal, and we need not address it given our vacatur of the sanctions award.

often use repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions." *Id.* (citing *Nat'l Ass'n of Gov't Emps. v. Nat'l Fed'n of Fed. Emps.*, 844 F.2d 216, 224 (5th Cir. 1998)).

To the extent that the district court held that Jaffer violated 28 U.S.C. § 1927 merely by filing the complaint, that was error. *See In re Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986) (holding that section 1927 "does not apply to initial pleadings, since it addresses only the multiplication of proceedings"); *see also Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224–25 (10th Cir. 2006) (same); *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65 (1st Cir. 2008) (same); *Morrison v. Walker*, 2018 WL 9812756, at *6 (E.D. Tex. Aug. 22, 2018) (filing an original complaint does not multiply proceedings), *aff'd*, 939 F.3d 633 (5th Cir. 2019).

Experian asserts that Jaffer multiplied the proceedings by "coordinating a Rule 26(f) conference and forcing the parties to file a case management plan." That is a far cry from any conduct this court has considered to be "multiplying proceedings."[8] Faulting Jaffer for participating in a court-ordered Rule 26(f) conference is inconsistent with this court's holding that "plaintiffs are not required by . . . § 1927 to voluntarily dismiss their claims once they decide not to pursue the claims. It is enough that they do not oppose the defendant's efforts to secure summary

---

[8] *See, e.g.*, *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 208 (5th Cir. 2023) (irrelevant and harassing conduct lengthening time of depositions); *Morrison v. Walker*, 939 F.3d 633, 636–37 (5th Cir. 2019) (filing an amended complaint with additional defendants); *Ratliff v. Stewart*, 508 F.3d 225, 228 (5th Cir. 2007) (filing an opposition to a summary judgment motion after it had been made clear for seven months that plaintiff had sued the wrong defendant); *Religious Tech Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003) ("repetitive motions and filings").

dismissal of the claims." *Jackson Marine Corp. v. Harvey Barge Repair, Inc.*, 794 F.2d 989, 992 (5th Cir. 1986).

For those reasons, we vacate the district court's sanctions award under 28 U.S.C. § 1927.[9] Experian alternatively moved for sanctions under the court's inherent powers. "When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Carroll v. Jaques Admiralty L. Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997). Inherent-powers sanctions require a finding of bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991). The district court made no such finding here, nor did it grant sanctions under its inherent powers. We remand for the district court to determine if Experian should be awarded sanctions under the court's inherent powers.

## IV

For the foregoing reasons, we VACATE the district court's sanctions awards and REMAND for further proceedings consistent with this opinion.

---

[9] Because we hold that Jaffer's conduct did not "multiply proceedings," we need not reach Jaffer's alternative argument that his conduct was neither "unreasonable" nor "vexatious."